IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANDREW COLON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STRAIGHT MARKETING LLC,<br><br>Defendant. | Civil File No. 3:24-cv-388<br><br>**COMPLAINT – CLASS ACTION** |

**Preliminary Statement**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff Andrew Colon alleges that Straight Marketing LLC ("Straight Marketing") made unsolicited pre-recorded telemarketing calls to Mr. Colon and others without their prior express consent.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Andrew Colon is an adult individual in this District.

6. Defendant Straight Marketing LLC is a New Jersey limited liability company that made telemarketing calls into this District.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. The Court has personal jurisdiction over Defendant because they made calls into this District.

9. Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue were made into this District.

## TCPA Background

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

Calls Made Using a Pre-Recorded Message

11. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

12. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

13. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

**Factual Allegations**

15. Straight Marketing markets and sells internet search engine optimization services.

16. Straight Marketing uses telemarketing to promote these services over the telephone.

Calls to Plaintiff

17. Mr. Colon is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Mr. Colon's telephone number is (980) 425-XXXX.

19. This number is assigned to a cellular service.

20. However, Mr. Colon received at least one pre-recorded telemarketing call on this number on February 14, 2014.

21. The recorded message said:

> Hi, this is Brittany with Your Verified Now. We've been trying to contact you about your Google business listing. Our records show your Google business listing is not properly verified with Google. This can cause customer searching for your services to not be able to find your business online.
>
> Call us back at (609) 600-9927 so we can quickly check the status of your Google business listing. This will only take a few minutes. That's (609) 600-9927.

22. The call was clearly pre-recorded because (a) there was a pause before the recording played, (b) the robot had a generic and unnatural monotone voice, and (c) the call clearly sounds like a robot message.

23. These calls were made for marketing purposes.

24. Indeed, the Plaintiff called the number back and was told he was told he was speaking to the Defendant's company.

25. He also received the following e-mail from the company after he called the pre-recorded message back:

---------- Forwarded message ---------
From: **William Donovan** <william@straightmarketingllc.com>
Date: Wed, Mar 20, 2024, 2:21 PM
Subject: Google My Business
To: <acolon640@gmail.com>

**Straight Marketing can get your business' PageRank status ahead of the competition. We can achieve first page search results to attract as many potential customers or clients as possible.**

**Display More Useful Information**

- Once you've taken the necessary steps to complete the integration process, useful information about your business will be readily displayed on Search, Maps, and Google+.
- This business information can include a description of your business; hours of operation; directions; busy periods; and the all-important call now button which are displayed for mobile users.

**What is a Google Local Listing?**

- Google Local Listings are the new way people are connecting with local businesses online.
- The decline of the print Yellow Pages has opened up a new door for smart local businesses to connect with online customers. Google Local listings help your business to target the millions of local customers searching online

**How Do Local Listings Work?**

- Google Local Listings allow your business to appear on the first page of results for local based searches. It's a 'shortcut' to the top of Google's results because you don't have to pay thousands to create a website and have it professionally optimized.
- Creating an optimized local business listing allows you to get exposure to millions of local customers for a fraction of the cost of other advertising.

**Why choose Straight Marketing?**

- Superior service with services detailed to your business' needs and goals
- An awesome team of online marketing experts at your disposal
- We work with EVERYONE – small, medium, and large corporate businesses
- Flexible options, pricing, and programs to fit any marketing budget
- The best strategies, tactics, and methods to get your business to the top!

26. Plaintiff's privacy has been violated by the above-described telemarketing calls.

27. Plaintiff never provided his consent or requested these calls.

28. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## Class Action Allegations

29. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

30. Plaintiff brings this action on behalf of himself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

31. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of Straight Marketing, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

32. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

33. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Class as he has no interests that conflict with any of the class members.

34. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

35. This Class Action Complaint seeks injunctive relief and money damages.

36. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

37. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, is in the hundreds for each class.

38. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

39. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

41. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

   a. whether a pre-recorded message was used to send calls;
   c. whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the call;
   d. whether Defendant's conduct constitutes violations of the TCPA; and
   e. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

42. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

# FIRST CAUSE OF ACTION

## Statutory Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227(b)) on behalf of the Robocall Class

43. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

44. The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

45. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

47. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Straight Marketing from using a pre-recorded voice in the future, except for emergency purposes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Straight Marketing from making telephone calls advertising their goods or services, except for emergency purposes, using a prerecorded voice in the future;

B.　As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C.　An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.　Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

**Dated: 4/15/2024**

        PLAINTIFF,
        By his attorneys,

By:   */s/ Karl S. Gwaltney*
      Karl S. Gwaltney
      MAGINNIS HOWARD
      N.C. State Bar No. 45118
      7706 Six Forks Road, Suite 101
      Raleigh, North Carolina 27615
      Telephone:   919.526.0450
      Fax:          919.882.8763
      kgwaltney@maginnislaw.com

      */s/ Anthony I. Paronich*
      Anthony I. Paronich
      PARONICH LAW, P.C.
      350 Lincoln Street, Suite 2400
      Hingham, MA 02043
      (508) 221-1510
      anthony@paronichlaw.com
      *Pro Hac Vice Application Forthcoming*